

FILED
NOV -7 2017
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| James River Insurance Company,<br><br>    Plaintiff,<br><br>v.<br><br>Paul W. Deck, Jr., Deck & Deck, LLP,<br>Sovereign Holdings, Inc.<br><br>    Defendants. | Civil File No. 4:17-cv-4155<br><br>**COMPLAINT FOR RESCISSION OR IN THE ALTERNATIVE DECLARATORY JUDGMENT** |

Plaintiff, James River Insurance Company ("JRIC"), for its Complaint against Defendants, Paul W. Deck, Jr., Deck & Deck LLP, and Sovereign Holdings, Inc. (collectively "Defendants") states and alleges as follows:

## THE PARTIES

1. JRIC is a corporation organized and existing pursuant to the laws of the State of Ohio and is duly authorized to carry on the business of insurance in South Dakota.

2. Defendant Paul W. Deck, Jr. ("Mr. Deck") is a member of Deck & Deck, LLP, which is a law firm located in Sioux City, Iowa.

3. Upon information and belief Mr. Deck is a citizen of Iowa, and a resident of Sioux City, Iowa.

4. Upon information and belief, Deck & Deck, LLP ("the Deck Firm") is a limited liability partnership organized under the laws of Iowa, with its principal place of business in Sioux City, Iowa.

5. Upon information and belief, the Deck Firm is comprised of two member partners, Mr. Deck and William G. Deck.

6. Upon information and belief, William G. Deck was a citizen of Iowa and a resident of Sioux City, Iowa.

7. Upon information and belief, Defendant Sovereign Holdings, Inc. ("Sovereign") is a corporation organized under the laws of the State of South Dakota with its principal place of business located in Jefferson, South Dakota.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the citizenships of the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this litigation occurred in this judicial district.

## FACTUAL BACKGROUND

### Mr. Deck's and the Deck Firm's application for coverage

10. On approximately June 26, 2017, the Deck Firm and Mr. Deck requested that JRIC provide them with a quote for professional liability insurance to replace the insurance they had at that time with another insurer.

11. In addition to coverage on a going forward basis, the Deck Firm and Mr. Deck requested "prior acts" coverage from JRIC.

12. "Prior acts" coverage generally applies to claims first brought during the policy period arising out of professional negligence that took place before the policy was issued.

13. The Deck Firm and Mr. Deck requested that the effective date for their coverage with JRIC be August 1, 2017.

14. In light of the short timeframe by which the Deck Firm and Mr. Deck wished JRIC to provide a quote for coverage, they provided JRIC with a copy of the application for insurance

they had just signed on June 7, 2017, and submitted to their current insurer in connection with that renewal process ("the Application"). (A true and correct copy of the application submitted to JRIC is attached as Exhibit A.)

15. JRIC relied upon the information included in the Application in determining whether or not to issue professional liability coverage to the Deck Firm and Mr. Deck.

16. The Application included this question and answer in the "Insurance and Loss History" section, among others:

> 6. After inquiry with each person as appropriate, do you, or any of your partners, officers, directors, or employees know of any circumstances, acts, errors, omissions, or any allegations or contentions of any incident that could result in a claim?          Yes ☐          No ☒
>
> If "Yes," how many? _____ if "Yes," please complete a separate Supplemental Claim Form for each potential claim and provide as much details as possible.

(Exh. B, at p. 4).

17. The Application included the following statement, just above the signature of Deck dated June 7, 2017:

> The Applicant agrees to notify us of any material changes in the answers to the questions on this questionnaire which may arise prior to the effective date of any policy issued pursuant to this questionnaire and the Applicant understands that any outstanding quotations may be modified or withdrawn based upon such changes at our sole discretion.

(Exh. B, at p. 6).

18. The information sought by Question 6 in the Application was material to JRIC's underwriting of the risk sought to be insured by the Deck Firm and Mr. Deck.

19. JRIC relied on the "No" answer to Question 6 in the Application in agreeing to provide professional liability coverage to the Deck Firm and Mr. Deck that included "prior acts" coverage.

3

**JRIC's agreement to bind coverage and issuance of the JRIC Policy**

20. On July 31, 2017, the Deck Firm and Mr. Deck accepted JRIC's quote and requested that JRIC bind coverage.

21. On August 1, 2017, in reliance upon information provided by the Deck Firm and Mr. Deck in the application process, JRIC issued a "Lawyers-Professional Liability Insurance" policy to "Deck & Deck LLP" as the Named Insured for the policy period August 1, 2017 to August 1, 2018 ("the JRIC Policy"). (A true and correct copy of the JRIC Policy is attached as Exhibit B).

**The Underlying Action and Mr. Deck's knowledge of a claim or potential claim prior to August 1, 2017**

22. On August 1, 2017, the same day the JRIC Policy was issued, Sovereign filed and served a complaint against Mr. Deck in the U.S. District Court for the District of South Dakota (Southern Division) ("the Underlying Action"). (A true and correct copy of the Proof of Service and Complaint in the Underlying Action is attached as Exh. C).

23. The Complaint in the Underlying Action asserts claims against Mr. Deck for (a) Professional Malpractice, (b) Breach of Fiduciary Duty, (c) Civil Conspiracy, and (d) Punitive Damages. (Exh. C).

24. Sovereign alleges in the Underlying Action that Mr. Deck served as general counsel for Sovereign for a period of time and that Mr. Deck represented Sovereign in connection with a lawsuit filed against it by Northwest Bank in approximately April 2015. (Exh. C, ¶¶ 8, 24).

25. Sovereign alleges that Northwest Bank sought to collect monies it was allegedly owed pursuant to guaranty agreements executed by Sovereign, and that Northwest Bank also alleged that Sovereign's handling of proceeds from the sales of Sovereign assets constituted fraudulent transfers. (Exh. C, ¶ 24).

26. Sovereign further alleges in the Underlying Action that judgment was entered against it and in favor of Northwest Bank on March 7, 2016 totaling $18,159,615.77. (Exh. C, ¶ 32).

27. Sovereign also alleges that on May 12, 2017, as part of a dissolution action between Mary Ellen Nylen, formerly the owner of 75% shares of Sovereign, and her husband Mark Nylen, Mary Ellen Nylen signed an assignment of her shares to Mark Nylen, a resignation from her position as a director and officer of Sovereign, and consent minutes that ratified all of her actions to date and that Deck had prepared as general counsel for Sovereign. (Exh. C, ¶ 40)

28. Sovereign alleges that since the execution of these documents, "Sovereign has made repeated requests to Mr. Deck that they release all of their file materials to Sovereign, to no avail." (Exh. C, ¶ 42).

29. Sovereign alleges that Mr. Deck engaged in a conspiracy with Mary Ellen Nylen to "wrongfully deny Sovereign access to file materials that it is entitled to receive, with the goal of depriving Sovereign of evidence that exists, and is believed will undoubtedly prove, that Deck, Hindman [another defendant in the Underlying action], Mary Ellen, and her dissolution attorneys engaged in conduct that was clearly and contrary to the interests of Sovereign, instead intended and designed to hurt Sovereign as part of some yet undisclosed strategy in the dissolution." (Exh. C, ¶ 43).

30. In support of its claim for Professional Malpractice, Sovereign alleges that Mr. Deck breached his duties to Sovereign through several acts and omissions, including but not limited to the following:

   a. Deck and Hindman were each negligent in failing to advise Sovereign to remedy the default claimed by Northwest Bank.

  b. Deck and Hindman were each negligent in failing to prevent the application of the higher default interest rate in favor of Northwest Bank in light of the default.

  c. Deck and Hindman were each negligent in allowing a judgment to be entered against Sovereign in favor of Northwest Bank.

  d. Deck and Hindman were each negligent because they subjected Sovereign to a claim for fees and expenses by Northwest Bank.

  e. Deck and Hindman were each negligent due to their actions and/or omissions that jeopardized the Subchapter S tax status of Sovereign.

  f. Deck and Hindman were each negligent in their failure to provide to Sovereign advice that would be in Sovereign's best interests including an assessment of settlement overtures and proposals from the Bank.

  g. Deck and Hindman were each negligent in their failure to provide Sovereign's files to Sovereign upon its demand for them.

  h. Deck and Hindman were each negligent due to the conflicts of interest present in their concurrent representation of and/or advice to Sovereign and to Mary Ellen personally, because Mary Ellen's personal interests were divergent from those of Sovereign.

  i. Deck and Hindman were each negligent in failing to advise Sovereign of the settlement overtures of proposals from the bank. (Exh. C, ¶ 46).

31. Sovereign alleges that these same alleged errors and omissions support its claim for Breach of Fiduciary Duty. (Exh. C, ¶¶ 51-53).

32. Sovereign alleges in support of its claim against Deck for Civil Conspiracy that the alleged conspiracy between Mr. Deck and Mary Ellen Nylen "includes, but is not limited to

implementation of a plan intended to deny Sovereign access to the file materials that it is entitled to receive." (Exh. C, ¶ 56).

33. Sovereign alleges that "[i]n fact, after Sovereign requested return of its file materials on numerous occasions, both Hindman and Deck delivered their files to either Mary Ellen or dissolution counsel for Mary Ellen, contrary to their obligations in a way that is damaging to Sovereign." (Exh. C, ¶ 57).

34. Sovereign alleges that Deck had communications with Mary Ellen Nylen and her dissolution counsel "that established a meeting of the minds regarding their plan to keep Sovereign from accessing its file materials," and that Deck's failure to deliver the file "constitutes professional malpractice and a breach of the fiduciary dut[y] of Deck ... to Sovereign." (Exh. C, ¶ 58).

35. Sovereign alleges that Mr. Deck's actions constitute "willful, wanton and malicious conduct against Sovereign." (Exh. C, ¶ 62).

36. At the same time Sovereign filed the Complaint in the Underlying Action, it also filed a "Motion for Leave to Serve Subpoenas Prior to Discovery Conference." (A true and correct copy of the Brief in Support of Plaintiff's Motion for Leave to Serve Subpoenas Prior to Discovery Conference is attached as Exh. D).

37. The Motion for Leave quotes a series of communications between Sovereign and Mr. Deck concerning Sovereign's request for all files and materials in Mr. Deck's possession relating to Sovereign. (Exh. D, pp. 2-10).

38. According to the Motion for Leave, on July 26, 2017, Sovereign's counsel, attorney David Tank, wrote a letter to Mr. Deck stating that he had made several requests for Mr. Deck's file relating to Sovereign and including the following ultimatum:

7

> The purpose of this letter is to make a final request that you provide the requested material by the end of the day Friday, July 28th [2017]. <u>If you fail to do so, we will initiate a request for judicial relief without further notice to you.</u>

(Exh. D, pp. 8-10) (Emphasis added).

39.    Mr. Deck received the July 26, 2017 email because the Motion for Leave also quotes from an email that Mr. Deck sent in response on July 27, 2017 stating the following:

> In response to your letter of July 26, 2017, please inform Mark Nylen that I do not have the files requested. The Sovereign files were turned over to Mary Ellen Kisting. You and he should direct the request to her or her divorce attorneys. She has everything that was in this office.
>
> I do not foresee a circumstance where we need to communicate further on this matter.

(Exh. D, p. 10).

40.    Neither Mr. Deck nor anyone else on behalf of the Deck Firm notified JRIC prior to requesting on July 31, 2017 that coverage be bound, or prior to JRIC issuing "prior acts" coverage on August 1, 2017, that Sovereign had advised them in no uncertain terms that it would be filing a lawsuit against them.

**<u>The JRIC Policy</u>**

41.    The JRIC Policy contains the following insuring agreement:

SECTION I – COVERAGES

1.    **Insuring Agreement**

    a.    We will pay on behalf of the "Insured" those sums in excess of the deductible the "Insured" becomes legally obligated to pay as "Damages" and "Claims Expenses" because of a "Claim" first made against the "Insured" and reported to us in writing during the "Policy Period" by reason of a "Wrongful Act" in the performance of or failure to perform "Professional Services" by the "Insured" or by any other person or entity for whom the "Insured" is legally liable. The "Wrongful Acts" must have been committed on or subsequent to the "Retroactive Date" specified in the Declarations and before the end of the "Policy Period."

    b.    **Defense and Settlement**

> We shall have the right and duty to defend any covered "Claim" brought against the "Insured" even if the "Claim" is groundless, false or fraudulent. However, we will have no duty to defend the "Insured" against any "Claim" seeking "Damages" to which this insurance does not apply. You shall not admit or assume liability nor settle or negotiate to settle any "Claim", nor incur any "Claims Expenses" without our prior written consent. We shall have the right to appoint counsel and to make any investigation and defend any "Claim" as we deem necessary.

(Exh. B, JRIC0003).

42. The JRIC Policy includes these definitions:

B. "Claim" means a written demand for monetary damages arising out of or resulting from the performing or failure to perform "Professional Services."

. . .

N. "Retroactive Date" means the date specified in the Declarations.

. . .

O. "Wrongful Act" means any actual or alleged act, error omission, "Personal Injury", neglect or breach of duty in the performing of or failure to perform "Professional Services".

(Exh. B, JRIC0004-0005).

43. The Underlying Action alleges conduct on the part of Mr. Deck that comes within the definition of "Wrongful Act" in the JRIC Policy.

44. The JRIC Policy includes in the definition of "insureds" any "past, present or future principal, partner, officer, director, stockholder, trustee or employee of the 'Named Insured' but only with respect to 'Professional Services' performed on behalf of the 'Named Insured'." (Exh. B, JRIC0004).

45. Mr. Deck qualifies as an "insured" under the JRIC Policy subject to all of the terms, provisions, conditions, exclusions and endorsements to the JRIC Policy.

46. The JRIC Policy includes the following exclusion from coverage:

SECTION III – EXCLUSIONS

This Policy does not apply to any "Claim" against the "Insured":

a. Based on or directly or indirectly arising from:

(1) <u>A "professional service" rendered prior to the effective date of the Policy if any insured knew or could have reasonably foreseen that the "professional service" could give rise to a "claim"</u>;

(2) Any common fact, circumstance, transaction advice or decision involved in a "professional service" reported as a claim or potential claim under any prior Policy; or

(3) Any "claim", suit, act, error or omission disclosed in the application for this Policy.

(Exh. B, at JR0005) (Emphasis added).

47. The term "professional service" is defined in the JRIC Policy as follows:

J. "Professional Services" means those services performed by the "Insured" for others:

(1) as a lawyer, notary public or title agent;

. . .

48. The communications between Sovereign and Mr. Deck that preceded the issuance of the JRIC Policy demonstrate that the "professional services" that were the subject of these communications were rendered by Mr. Deck prior to the effective date of the JRIC Policy, which was August 1, 2017.

49. The communications between Sovereign and Mr. Deck that preceded the issuance of the JRIC Policy also demonstrate that Mr. Deck "knew or could have reasonably foreseen that the 'professional service' could give rise to a 'Claim'", and that a claim by Sovereign against Mr. Deck was imminent.

50. The Underlying Action filed by Sovereign on August 1, 2017 qualifies as a "Claim" under the JRIC Policy.

51. However, Exclusion a.(1) in the JRIC Policy applies to preclude coverage for Mr. Deck for the Underlying Action.

52. The JRIC Policy also includes this exclusion from coverage:

> l. Based on or directly or indirectly arising out of or resulting from:
>
> > (1) Any act committed with knowledge of its wrongful nature or with the intent to cause damage;
> >
> > (2) The gaining by the insured of any personal profit, gain or advantage to which the insured is not legally entitled;
> >
> > (3) Any criminal, fraudulent, or dishonest act. However, we shall defend such allegations against the insured if it involves a "claim" otherwise covered under the Policy until final adjudication; or
> >
> > (4) Judgments or awards arising from acts or omissions deemed uninsurable by law;

(Exh. B, at JRIC0006).

53. The Underlying Action alleges conduct that would come within the scope of Exclusion l. in the JRIC Policy if proven to be true.

54. JRIC has reserved the right to deny coverage for any judgment or settlement in the Underlying Action that includes damages for conduct that comes within the scope of Exclusion l. in the JRIC Policy.

55. The JRIC Policy also includes the following exclusion through the "Prior and Pending Litigation Exclusion" endorsement (form PL2122US 03-04) attached to the JRIC Policy:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**PRIOR AND PENDING LITIGATION EXCLUSION**

**SCHEDULE**

11

Date: <u>08/01/2017</u>

This policy does not apply to any "Claim Expenses" or "Damages" by reason of any litigation against any Insured pending on or prior to the date shown in the above Schedule.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY
REMAIN UNCHANGED.**

(Exh. B, at JRIC0019).

56. The Underlying Action was "pending on" August 1, 2017.

57. The "Prior and Pending Litigation Exclusion" applies to preclude coverage for the Underlying Action.

## **COUNT I – RESCISSION**

58. JRIC adopts and realleges the allegations in paragraphs 1 through 57 of its Complaint if fully set forth herein.

59. Mr. Deck and the Deck Firm intended that JRIC would rely on the information and representations in the Application and otherwise provided to JRIC during the application process in determining whether or not to provide coverage to Mr. Deck and the Deck Firm.

60. Mr. Deck and the Deck Firm misrepresented and/or concealed facts in the Application and during the application process that were material to JRIC's underwriting and acceptance of the risk to be insured, and increased the risk of loss.

61. Specifically, at the time Mr. Deck and the Deck Firm applied for insurance coverage from JRIC, Mr. Deck and the Deck Firm misrepresented to JRIC that they were not aware of circumstances or allegations being made against them that could result in a claim.

62. Mr. Deck and the Deck Firm's representation to JRIC was false because prior to requesting that JRIC bind coverage and prior to JRIC's issuance of the JRIC Policy, Mr. Deck and the Deck Firm were in fact aware of circumstances and allegations being made against them by

Sovereign that Mr. Deck and the Deck Firm knew or should have known could result in a claim or lawsuit against them.

63. Prior to requesting that JRIC bind coverage for them, Mr. Deck and the Deck Firm were aware that a claim and lawsuit by Sovereign was imminent.

64. Mr. Deck and the Deck Firm had an obligation to notify JRIC of any material changes in the answers provided in the Application from the date the Application was signed until coverage was actually issued by JRIC.

65. JRIC did not know the true facts concerning the imminent claim by Sovereign prior to binding coverage and issuing the JRIC Policy.

66. JRIC was justified in relying upon the representation by Mr. Deck and the Deck Firm that they were unaware of any circumstances or allegations being made against them that could result in a claim.

67. JRIC did in fact rely upon the representation made by Mr. Deck and the Deck Firm in underwriting the risk and agreeing to issue the Policy with "prior acts" coverage.

68. If Mr. Deck and the Deck Firm had advised JRIC of the true facts concerning the potential claim by Sovereign, JRIC would not have issued the JRIC Policy in the form that it did.

69. If Mr. Deck and the Deck Firm had advised JRIC of the true facts concerning the potential claim by Sovereign, even if JRIC had agreed to issue coverage, JRIC would have excluded coverage for any claim brought by Sovereign and it would not have issued the JRIC Policy with "prior acts" coverage.

70. JRIC has sustained damages as a result of the misrepresentations made by Mr. Deck, including but not limited to, the defense fees and costs it has incurred and will incur in defending Mr. Deck in the Underlying Action subject to a reservation of rights.

71. JRIC is prepared to return the full premium for the JRIC Policy to the Deck Firm if it is determined that the JRIC Policy should be rescinded and is *void ab initio*.

## COUNT II – DECLARATORY RELIEF (IN THE ALTERNATIVE)

72. JRIC adopts and realleges the allegations in paragraphs 1 through 69 of its Complaint if fully set forth herein.

73. To the extent a determination is made that the coverage JRIC agreed to provide to Mr. Deck and the Deck Firm is not *void ab initio*, JRIC is entitled to a declaration that the claims asserted in the Underlying Lawsuit are not covered under the JRIC Policy because Exclusion a.(1) applies to preclude coverage.

74. JRIC is entitled to a declaration that, to the extent it is determined in the Underlying Action that Sovereign is entitled to damages as a result of conduct by Mr. Deck that comes within the scope of Exclusion l, JRIC has no obligation to provide indemnity coverage for those damages.

75. JRIC is entitled to a declaration that the "Prior and Pending Litigation Exclusion" applies to preclude coverage for the Underlying Action because the Underlying Action was filed and served on Mr. Deck on August 1, 2017, and was, therefore, pending on that date.

76. JRIC is entitled to a declaration that it has no obligation to continue defending Mr. Deck in the Underlying Lawsuit, and that it has no obligation to indemnify Mr. Deck for any damages awarded in the Underlying Lawsuit.

## JURY DEMAND

77. JRIC demands a jury trial of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

**WHEREFORE**, JRIC respectfully requests the following relief from the Court:

    A.     An Order that JRIC is entitled to rescind the JRIC Policy as requested in Count I of this Complaint;

    B.     In the alternative, an Order granting the declaratory relief requested in Count II of this Complaint; and

    C.     For such further relief the Court may deem just and proper.

Dated this 7th day of November, 2017.

                            MAY, ADAM, GERDES & THOMPSON LLP

                            BY: _____
                            DOUGLAS A. ABRAHAM
                            Attorneys for Plaintiff
                            503 South Pierre Street
                            P.O. Box 160
                            Pierre, South Dakota 57501-0160
                            Telephone: (605)224-8803
                            Telefax: (605)224-6289
                            E-mail: daa@mayadam.net